Johnson, C. J., delivered the opinion of the court. The record and assignment of error's present two questions for the consideration and decision of this court. 1st. Did the circuit court err in sustaining the motion to strike out Wilson’s separate plea in abatement? 2d. Did it err in sustaining the demurrer to the plea of misnomer interposed by Turner, his co-defendant? It is now well settled that the proper mode of taking advantage of a variance between the declaration and writ, is by a plea in abatement. It is a matter purely in abatement, not affecting in the least, the merits of the action, and, consequently, must be met by the appropriate plea. Such being the doctrine of the present day,' it only remains now to be seen whether the plea of Wilson is a mere nullity, or whether it sets up such matter, as if well pleaded, constitutes a good and valid defence to the action of the writ. A plea can only be stricken from the files under peculiar circumstances; for instance, a dilatory plea, after appearance and special imparlance,, or after a party has pleaded to the action, or done some other act waiving the right; a plea that is not sworn to, where an affidavit is required by law; a plea that is not signed by counsel, &c. But a plea, which merely sets up a defective defence, or a defence defectively stated should always be met by demurrer. There is nothing in the record of this cause, which shows that the party has waived his right to this defence, nor was there any necessity for an affidavit to support the plea, as the fact alleged, if true, is apparent upon, the face of the record. The plea is in the the usual form, and contains matter, which, if true, and well pleaded, would clearly constitute a full and complete defence to the writ. We do not conceive it necessary to decide, or even to intimate, at this time, whether the subject matter of the plea in the manner in which itis stated would form a full defence to the writ or nótelas that question is not raised by the pleadings. It is sufficient that it is not a mere nullity. It is, therefore, clear that the court erred in sustaining the motion to strike it from the files. We come now to consider the second objection raised by-the assignment of errors. This question grows out of the issue formed upon the demurrer to the plea of misnomer filed by Turner, one of the-defendants in the court below. He is sued by the name of Geo., and sets up in his plea, as a defence to 'the action that his name is not Geo., but that it now is and always was George Turner. To this plea the plaintiffs below demurred, whereby they denied the .legal sufficiency of the matter set up. in the plea. It certainly cannot require either argument or authority to prove that every indi-dividual is entitled to be sued by his own proper name. We are not apprised of the ground upon which the plaintiffs below vested their demurrer. They could not have contended with any propriety for the doctrine of idem sonans, nor that the party was as well, known by one name as the other, as that question could not legitimately have arisen upon the demurrer. The most that the letters used could possibly amount to, would be an abbreviation oí the real name. When a party executes a contract by a wrong name, or by an abbreviation of his own name, he should be declared against in his right name, and the style or description by which he ex.ecuted it, should be made to appear under an alias dictus. “A defendant cannot plead in abatement because an alias dictus is subjoined to his name, and the true name is that which precedes the alias dictus Reid vs. Lord, 4 J. R. 118. If it were true that individuals were subject to be sued by certain initials or even abbreviations, instead of their real name, it would introduce endless confusion into judicial proceedings. It would be the means of subjecting parties to all the labor, and expense of preparing to meet the merits of an action without any writ, in reality, ever having been instituted against them. If every name had but one initial or abbreviation to indicate, and serve as a substitute for the full and real one, the consequences apprehended might not follow; but when we reflect that so many persons use the same initials and abbreviations, and that the names indicated thereby are wholly different, it is easy to conceive the confusion and perplexity which would ensue from-such a practice. We are clearly of opinion that Geo. and George are not one and the «ame name, as evidenced by the sound. If Geo. be a name, and the defendant is as well known by the one as the other, that question would properly arise upon a replication to the defendant’s plea; and on an issue formed thereupon the fact could be investigated and settled. We are therefore of opinion, that the circuit court erred in sustaining the derpurrer .to the plea of misnomer, Judgment reversed.